UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:13-00196 |
| | ) | JUDGE CAMPBELL |
| | ) | |
| HUSEIN KANAKRIEH | ) | |

ORDER

Pending before the Court is the Defendant's Motion To Modify Supervised Release (Docket No. 5). Through the Motion, the Defendant requests that the Court terminate the remaining term of his supervised release. The Government has filed a Response (Docket No. 8) opposing the Defendant's request.

Subsection 18 U.S.C. § 3583(e)(1) permits the termination of supervised release after one year if a Defendant's conduct and the interest of justice warrant such a termination:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) --
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

Section 3553(a) requires the court to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to

modify, reduce, or enlarge the term or conditions of supervised release.[1] See United States v. Lussier, 104 F.3d 32, 35 (2nd Cir. 1997).

The Defendant pled guilty to food stamp fraud and income tax fraud on October 28, 2010 in the Northern District of Indiana. (Docket Nos. 2, 3). At the subsequent sentencing hearing, Judge Philip Simon imposed a sentence of 21 months of imprisonment, two years of supervised release, and restitution in the amount of $289,170.26. (Id.) The Defendant was placed on supervised release in November, 2011, and jurisdiction in this case was transferred to this Court on October 10, 2013. (Docket Nos. 1, 2, 5).

The Defendant contends that early termination is appropriate because he has complied with all conditions of supervised release. In its Response, the Government indicates that the Defendant has only paid $1,300 of his $289,170.26 restitution obligation, and argues that continued supervision is prudent.

Having considered the factors set forth in Section 3553, the Court concludes that the conduct of the Defendant and the interest of justice do not warrant early termination of supervised release at this time. Although the Defendant's compliance with the conditions of

---

[1] The Section 3553 factors referred to in Subsection 3583(e)(1) include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct; protection of the public from further crimes of the defendant; the most effective manner for providing the defendant with needed educational or vocational training, medical care, or other correctional treatment; the kinds of sentences and the sentencing range established under the Sentencing Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

supervision is laudable, given the nature and circumstances of the offense, and the need to provide restitution to the victims, the Court concludes that the Defendant should remain on supervised release. Accordingly, the Defendant's request for early termination of supervised release is DENIED.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE